UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

JULIO VALDES,

    Plaintiff,

vs.

LARKIN COMMUNITY HOSPITAL
PALMS SPRINGS CAMPUS, LLC., a
Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT**

COMES NOW, JULIO VALDES, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant LARKIN COMMUNITY HOSPITAL, PALM SPRINGS CAMPUS, LLC., a Florida Limited Liability Company (hereinafter, "Defendant"), and states:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq*., the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, (hereinafter "the FFCRA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff was at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a member of a class protected under the Civil Rights Act, FCRA, ADA, and ADAAA in that at all relevant times he is a person with a disability as defined by those Acts.

7. Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Florida and authorized to do business in Florida. Defendant operates several hospitals throughout Florida. Specifically, Plaintiff worked at Defendant's Hialeah location in Hialeah, Florida.

8. Defendant has, at all times material, employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with 29 U.S.C. § 2611(4)(A)(iii), Title VII, the ADA, ADAAA, and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about July 6, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

11. Plaintiff was terminated from his position on or about March 22, 2021. His Charge was therefore timely filed.

12. Plaintiff was issued a Notice of Right to Sue on March 14, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

## GENERAL ALLEGATIONS

14. Plaintiff was employed by Defendant from 2009 through on or about March 22, 2021. At all times relevant, Plaintiff held a position as a chef.

15. On or about 2017 Plaintiff suffered a heart attack and underwent open heart surgery. Therefore, during the relevant times, Plaintiff was in cardiac rehabilitation.

16. Cardiovascular conditions are considered a disability under the ADA, ADAA, and the FCRA in that it substantially impairs Plaintiff's major life activities as defined by the ADA and ADAA.

17. On or about March 9, 2021, Plaintiff suffered a heart attack, that lead to a two (2) day hospitalization.

18. On or about March 11, 2021, after being released from the hospital Plaintiff went to meet with supervisor Abraham Valdes and Human Resources Representative Rita Mayorga. Plaintiff

3

provided the appropriate information, to his employer which reflected his condition and need for leave. Plaintiff was provided FMLA paperwork.

19. On or about March 12, 2021, Plaintiff's supervisor Abraham Valdes, a representative of the Defendant, requested that Plaintiff return to work the next day.

20. On or about March 13, 2021, Plaintiff returned to work as requested.

21. On or about March 16, 2021, Defendant terminated Plaintiff alleging a policy violation and accusing Plaintiff of stealing food on March 13, 2021.

22. Upon information and belief, Defendant's reason for termination-Plaintiff is false and is pretextual for unlawful discrimination and/or retaliation.

23. If however, the reason(s) proffered by Defendant, are found with merit, Plaintiff's request for leave was a motivating factor in the decision for the adverse employment action.

24. Defendant acted with intentional disregard for Plaintiff's rights under the ADA, ADAA, FMLA, and FCRA.

25. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and had agreed to pay reasonable fees for its services.

26. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE FMLA
## (INTERFERENCE)

27. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-26 above as though the same were fully set forth herein.

28. Plaintiff was an employee covered Plaintiff was an employee covered by the FMLA in that he was employed for at least 12 months and at least 1,250 hours prior to his request for leave. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

29. Plaintiff was eligible for FMLA leave due to his serious medical condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

30. Under the FMLA, 29 U.S.C. § 2612(a), Plaintiff had the right to take up to twelve (12) workweeks of leave under the Act.

31. Plaintiff requested leave pursuant to the statute and provided all the information required by the Defendant.

32. On March 12, 2021, Defendant limited and/or denied Plaintiff's right to take leave when Plaintiff's supervisor requested Plaintiff returned to work.

33. Defendant's failure to respect Plaintiff's FMLA leave is a violation of the statute.

34. On March 16, 2021, shortly after Plaintiff's return to work on July 20, 2020, Defendant terminated Plaintiff's employment.

35. The fact that Plaintiff took leave was a "protected activity" under the FMLA.

36. Plaintiff's leave was, at minimum, a motivating factor in Defendant's decision to terminate her employment.

37. Defendant's purported reason(s) for terminating Plaintiff are pretextual.

38. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

39. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

**WHEREFORE,** Plaintiff requests judgment for:

- A. Adjudge and decree that the Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;
- B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of the Defendant's violation of the FMLA, all as provided in 29 U.S.C. §2617;
- C. Interest on the amount found due;
- D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);
- E. Plaintiff's costs of suit herein together with reasonable attorney's fees incurred in this action; and
- F. Such other relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FMLA
## (RETALIATION)

40. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-26 above as though the same were fully set forth herein.

41. This is an action under the Family Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

42. Plaintiff was an employee covered by the FMLA in that he was employed for at least 12 months and at least 1,250 hours prior to seeking leave for his serious medical condition. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

43. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

44. Plaintiff gave sufficient notice to his employer of his need for leave and provided all requested information.

45. Immediately following Plaintiff's request for leave, Defendant requested Plaintiff returned to work the next day.

46. The fact that Plaintiff requested leave was a "protected activity" under the FMLA.

47. Plaintiff's leave request was, at minimum, a motivating factor in Defendant's decision to terminated Plaintiff's employment.

48. Defendant's purported reason(s) for terminating Plaintiff are pretextual.

49. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

50. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from Defendant.

**WHEREFORE,** Plaintiff requests:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

C. Interest on the amount found due;

D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

F. Such other relief as the Court deems just and proper.

## COUNT III
## FAILURE TO ACCOMMODATE IN VIOLATION
## OF THE ADA AND ADAA

51. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-26 above as though the same were fully set forth herein.

52. Plaintiff is disabled as he suffers from heart disease and heart failure that substantially limited major life activities.

53. Plaintiff is, and at all times was, qualified to perform the essential functions of his job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

54. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff requested time off from work after having a heart attack and being hospitalized for two days. This request was reasonable and would not have caused Defendant undue hardship.

55. The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activity and/or Plaintiff's record of having such disability.

56. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

57. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

58. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement to his formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

59. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

60. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

61. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

    A. Actual damages as a result of Defendant's discriminatory actions;

    B. Punitive damages due to Defendant's willful behavior;

    C. Compensatory damages;

    D. Injunctive relief where feasible;

    E. Attorney's fees;

    F. Costs of this action; and

G. Any other relief this Court deems proper.

## COUNT IV
## DISABILITY DISCRIMINATION UNDER THE ADA AND ADAA

62. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-26 above as though the same were fully set forth herein.

63. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

64. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited him in one or more major life activity and/or Plaintiff's record of having such disability.

65. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

66. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability/disabilities and/or Plaintiff's record of having such a disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff.

67. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that

end, Plaintiff demands reinstatement to his formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

68. Plaintiff further seeks his attorney's fees and costs as permitted by law.

    **WHEREFORE,** Plaintiff requests judgment against Defendant as follow

    a. Actual damages as a result of Defendant's discriminatory actions;

    b. Punitive damages due to Defendant's willful behavior;

    c. Compensatory damages;

    d. Injunctive relief where feasible;

    e. Attorney's fees;

    f. Costs of this action; and

    g. Any other relief this Court deems proper.

## COUNT V
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

69. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-26 above as though the same were fully set forth herein.

70. Section 760.10 of the FCRA states in relevant part:

    (1) it is unlawful employment practice for an employer: (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

71. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

72. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, and Defendant's failure to accommodate, all as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities, which substantially limited him in one or more major life activities, and/or Plaintiff's record of having such handicap(s)/disability/disabilities.

73. Defendant, failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination, despite being presented with a reasonable accommodation by Plaintiff which would not have imposed an undue hardship on Defendant and which would have enabled Plaintiff to perform the essential functions of his position.

74. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, and/or its failure/refusal to reasonably accommodate Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.

75. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, and/or its failure/refusal to reasonably accommodate Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap/disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff, and/or Defendant's failure/refusal to reasonably accommodate Plaintiff.

76. As a result of the discriminatory conduct to which Plaintiff was subjected and Defendant's failure/refusal to accommodate Plaintiff, Plaintiff has experienced, and will continue to

experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

77. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

  F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
## VIOLATION OF THE ADA AND ADAA
## (RETALIATION)

78. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-26 above as though the same were fully set forth herein.

79. Plaintiff requested reasonable accommodation(s) for his disability. This request was made to the Human Resources Representative, Rita Mayorga and his supervisor Abraham Valdes.

80. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and adverse employment action.

81. Plaintiff's limitation on his leave, denial of request and/or termination constitutes adverse employment action(s) under the ADA and ADAAA.

82. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

83. Defendant's states reason(s) for denying Plaintiff's request for accommodation, and/or termination is pretextual.

84. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation, were a motivating factor in the decision for the adverse employment action(s).

**WHEREFORE,** Plaintiff requests that:

14

A. The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VII
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

85. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-26 above as though the same were fully set forth herein.

86. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 et seq. for Defendant's retaliatory conduct.

87. Plaintiff made requests for reasonable accommodations for his disability. This request was a protected activity under the FCRA.

88. Plaintiff's requests for a reasonable accommodation was a motivating factor(s) in Defendant's decision to terminate Plaintiff.

89. Defendant knew of Plaintiff's disability, his request as Plaintiff made these request to Mayorga, and supervisor Valdes.

90. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

91. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

92. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Valdes, Mayorga and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

93. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

94. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for a reasonable accommodation and or complaints of disparate treatment, were a motivating factor in the decision for the adverse employment action(s).

95. Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff JULIO VALDES demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 10, 2022

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive
Suite 290
Miami FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com


By: /s/ *Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com